UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| GREENWICH INSURANCE COMPANY; XL SPECIALTY INSURANCE COMPANY<br>Plaintiffs,<br><br>vs.<br><br>GOFF GROUP, INC. and JOHN W. GOFF, REGIONS BANK CORPORATION and SOUTHERN BROKERAGE SERVICES, INC.<br>Defendants. | 2006 MAY -5  A 10: 01<br><br>No.<br><br>2:06CV406-DRB |

## COMPLAINT

COME NOW, Plaintiffs Greenwich Insurance Company and XL Specialty Insurance Company (hereinafter sometimes referred to as "Greenwich and XL") and bring the following action against Goff Group Inc., John W. Goff, Regions Bank Corporation and Southern Brokerage Services, Inc., to set aside a conveyance of real property by Goff Group, Inc. to John W. Goff and say as follows:

## JURISDICTIONAL STATEMENT

This Court has original jurisdiction over this civil action by virtue of 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost and is between resident citizens or corporate entities of different States.

1. Plaintiff, Greenwich Insurance Company, is a corporation organized, existing and incorporated under and by virtue of the laws of the State of Delaware with its principle place of business located at 70 Seaview Avenue, Stamford, Connecticut.

2. Plaintiff, XL Specialty Insurance Company, is a corporation organized, existing and incorporated under and by virtue of the laws of the State of Delaware with its principle place of business located at 70 Seaview Avenue, Stamford, Connecticut.

3. Defendant, Goff Group, Inc., is a corporation organized, existing and incorporated under and by virtue of the laws of the State of Alabama with its principle place of business located at 80 Technacenter Drive Montgomery, Alabama.

4. Defendant, Regions Bank Corporation, is a corporation organized, existing and incorporated under and by virtue of the laws of the State of Alabama with its

principle place of business located at 44 1st Alabama Plaza, Montgomery, Alabama.

5. Defendant, Southern Brokerage Services, Inc., is a corporation organized, existing and incorporated under and by virtue of the laws of the State of Alabama with its principle place of business located at 80 Technacenter Drive Montgomery, Alabama.

6. Defendant, John W. Goff, is a resident citizen of the State of Alabama.

## STATEMENT OF FACTS

7. The sole officer and shareholder of Goff Group, Inc. is John W. Goff.

8. In April of 2003, Greenwich and XL sought injunctive relief in aid of an arbitration between Greenwich and XL and Goff Group, Inc. that was pending in Philadelphia, Pennsylvania (the "Arbitration"). Greenwich and XL sought that relief because it had discovered that Goff Group, Inc. had been expending fiduciary funds held in trust on Greenwich and XL's behalf.

9. Greenwich and XL's motion was granted by Order dated April 28, 2003.

10. On March 10, 2004, an Arbitration Panel issued an award, which directed Goff Group, Inc. to pay Greenwich and XL $4,332,382.00 in damages within 30 days of its issuance date, i.e., by April 9, 2004. Goff Group, Inc. did not comply with the directives of the Arbitration Panel.

11. On March 29, 2004 Greenwich and XL applied to the United States District Court for the Eastern District of Pennsylvania for confirmation of the Award. By Order entered on April 23, 2004, the United States District Court for the Eastern District of Pennsylvania granted the motion to confirm and issued an Order of Confirmation of Arbitration Award and Entry of Judgment, which was entered on April 23, 2004.

12. On August 6, 2004, Greenwich and XL moved the United States District Court for the Eastern District of Pennsylvania for leave to register its Judgment in other districts, including the district courts of Alabama and for an Order directing the Clerk of United States District Court for the Eastern District of Pennsylvania to issue a Certification of Judgment enabling that registration. By Order of August 26, 2004, the United States District Court for the Eastern District of Pennsylvania granted the requested relief and thereby authorized Greenwich and XL to enforce the Judgment in districts outside Pennsylvania.

13. The "Certification of Judgment for Registration in Another District" was issued by the Clerk for the United States District Court for the Eastern District of Pennsylvania and Defendants then had it registered with the United States District Court for the Middle District of Alabama. This registration is identified by reference number 2:04 MC

3221-A. Defendants subsequently began efforts to enforce the Judgment, including by serving discovery requests relating to the location of Goff Group, Inc.'s assets.

14. On November 17, 2004 Greenwich and XL recorded its judgment in the amount of $4,332,382.00 plus interest and cost with the Office of the Judge of Probate of Montgomery County. The judgment was recorded in Book 2994 at Pages 0098 –0100. A copy of the judgment is attached hereto as Exhibit "A".

15. On January 31, 2005 Goff Group, Inc. conveyed by Warranty Deed three (3) parcels of real property to John W. Goff. A copy of the Warranty Deed containing of description of the real property conveyed is attached hereto as Exhibit "B" and is incorporated by reference as if set forth fully herein.

16. The Warranty Deed attached hereto as Exhibit "B" was recorded in the Office of the Judge of Probate of Montgomery County, Alabama on February 16, 2005 in Book 3040 at Pages 0803.

17. The real property conveyed to John W. Goff consists of approximately 8 acres and is the real property upon which the office building where Goff Group, Inc.'s corporate offices were located. The physical address of said property is 80 Technacenter Drive, Montgomery, Alabama.

18. At the time of the conveyance to John W. Goff the real property conveyed was the only property from which a creditor could satisfy its judgment.

19. Once said real property was conveyed to John W. Goff he entered into lease agreements with Regions Bank Corporation and Southern Brokerage Services, Inc. to lease office space in the office building located at 80 Technacenter Drive, Montgomery, Alabama.

20. That Greenwich and XL has issued a Writ of Garnishment to Regions Bank Corporation in an attempt to recover monthly rental proceeds paid to John W. Goff by Regions Bank Corporation.

21. That Regions Bank Corporation responded to the Writ of Garnishment that it was not indebted to Goff Group, Inc.

22. Due to the conveyance of the real property by Goff Group, Inc., Greenwich and XL's collection efforts were frustrated.

## COUNT I
## FRAUDULENT CONVEYANCE

23. Greenwich and XL reallege paragraphs One (1) through Twenty Two (22) as if set forth fully herein.

24. Greenwich and XL's judgment arose and was recorded prior to the conveyance of real property from Goff Group, Inc. to John W. Goff.

25. The conveyance by Goff Group, Inc. was made with the sole intent to hinder, delay or defraud Greenwich and XL's actions to enforce its judgment lien.

## COUNT II
## FRAUDULENT CONVEYANCE

26. Greenwich and XL reallege paragraphs One (1) through Twenty Five (25) as if set forth fully herein.

27. Goff Group, Inc. conveyed the real property to John W. Goff, the sole shareholder and officer of Goff Group, Inc., without receiving equivalent value in exchange for the conveyance.

28. The real property conveyed to John W. Goff was the only asset of Goff Group, Inc. from which creditors could enforce their debts and/or judgments.

29. Goff Group, Inc. made the conveyance with the knowledge that it would continue to incur additional debts and/or judgments.

## COUNT III
## FRAUDULENT CONVEYANCE

30. Greenwich and XL reallege paragraphs One (1) through Twenty Nine (29) as if set forth fully herein.

31. Goff Group, Inc. conveyed the real property to John W. Goff, the sole shareholder and officer of Goff Group, Inc., without receiving an equivalent value in exchange for the conveyance.

32. Goff Group, Inc. became insolvent as a result of the conveyance to John W. Goff.

33. Goff Group, Inc. conveyed the real property to John W. Goff with the sole intent of shielding the real property from its creditors.

## COUNT IV
## FRAUDULENT CONVEYANCE

34. Greenwich and XL reallege paragraphs One (1) through Thirty Three (33) as if set forth fully herein.

35. Goff Group, Inc. conveyed the real property to John W. Goff the sole shareholder and

officer of Goff Group, Inc. without receiving an equivalent value in exchange for the conveyance.

36. As a result of the conveyance to John W. Goff, Goff Group, Inc. became insolvent.

37. John W. Goff knew that Goff Group, Inc. became insolvent as a result of the conveyance.

38. John W. Goff participated in the conveyance with the sole intent of benefitting financially from the conveyance and shielding assets from Goff Group, Inc.'s creditors.

## COUNT V
## INJUNCTION

39. Greenwich and XL reallege paragraphs One (1) through Thirty Eight (38) as if set forth fully herein.

40. Regions Bank Corporation and Southern Brokerage Services, Inc. entered into lease agreements with John W. Goff to lease office space in the office building located at 80 Technacenter Drive, Montgomery, Alabama.

41. That as a result of the lease agreement entered into between Regions Bank Corporation and John W. Goff, John W. Goff has received monthly lease payments from Regions Bank Corporation since September 2005.

42. Greenwich and XL believes that as a result of the lease agreements entered into between Southern Brokerage Services, Inc. and John W. Goff, John W. Goff has received monthly lease payments from Regions Bank Corporation since September 2005.

43. That the conveyance from Goff Group, Inc. to John W. Goff of the real property located at 80 Technacenter Drive, Montgomery, Alabama was fraudulent with the sole intent and purpose to defraud Goff Group, Inc.'s creditors.

44. That John W. Goff wrongfully obtained lease proceeds from Regions Bank Corporation and Southern Brokerage Services, Inc. and has wrongfully appropriated these lease proceeds for his own benefit.

45. That injunctive relief is necessary to stop John W. Goff from receiving future lease proceeds.

46. That all future lease payments should be paid by Regions Bank Corporation and Southern Brokerage Services, Inc. to the Clerk of the United States District Court for the Middle District of Alabama, Northern Division (hereinafter sometimes referred

to as " United States District Court Clerk") until such time as the Court determines who is entitled to said lease payments.

47. Greenwich and XL has filed contemporaneously with this Complaint, a Motion for Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. A copy of the Motion for Preliminary Injunction is attached hereto as Exhibit "C."

48. An order directing Regions Bank Corporation and Southern Brokerage Services, Inc. to make all future lease payments to the United States District Court Clerk is necessary in order to stop John W. Goff for wrongfully receiving said lease proceeds.

## COUNT VI
## CONVERSION

49. Greenwich and XL realleges paragraph One (1) through Forty Eight (48) as if set forth fully herein.

50. Regions Bank Corporation and Southern Brokerage Services, Inc. have entered into lease agreements with John W. Goff whereby Regions Bank Corporation and Southern Brokerage Services, Inc. have leased office space in the office building located at 80 Technacenter Drive, Montgomery, Alabama.

51. That as a result of the lease agreement entered into between Regions Bank Corporation and John W. Goff, John W. Goff has received monthly lease payments since September 2005.

52. Greenwich and XL believes that to date, John W. Goff has received lease proceeds totaling Sixty Seven Thousand Nine Hundred Sixty Nine and 36/100 Dollars ($67,969.36).

53. That as result of the lease agreement entered into between Southern Brokerage Services, Inc. and John W. Goff, John W. Goff has received monthly lease payments since September 2005.

54. That John W. Goff wrongfully obtained lease proceeds from Regions Bank Corporation and Southern Brokerage Services, Inc. and has wrongfully appropriated said lease payments to his own use and benefit.

WHEREFORE, PREMISES CONSIDERED, Greenwich and XL request that this Court issue a judgment in favor of Greenwich and XL which:

    A. Sets aside the fraudulent conveyance of real property by Goff Group, Inc. to John W. Goff.

    B. Vests title to the property described in the Warranty Deed attached hereto as

Exhibit "B" in Goff Group, Inc.

C. Provides injunctive relief which restrains Regions Bank Corporation and Southern Brokerage Services, Inc. from making any additional monthly lease payments to John W. Goff.

D. Directs Regions Bank Corporation and Southern Brokerage Services, Inc. to pay all lease payments into the United States District Court Clerk's Office.

E. Awards in favor of Greenwich and XL a judgment against John W. Goff in an amount equal to the lease payments paid by Regions Bank Corporation and Southern Brokerage Services, Inc. to John W. Goff from September 2005 to present.

F. Awards Greenwich and XL any other relief that it may be entitled to.

Respectfully submitted,

G. Thomas Yearout (YEA001)

Paul K. Lavelle (LAV007)

OF COUNSEL FOR DEFENDANTS
GREENWICH INSURANCE COMPANY
AND XL SPECIALTY INSURANCE COMPANY
YEAROUT, SPINA & LAVELLE P.C.
1500 Urban Center Drive, Suite 450
Birmingham, Alabama 35242
(205) 298-1800
(205) 298-1802 (facsimile)
tyearout@ysllaw.com
plavelle@ysllaw.com