# EXHIBIT "C"

## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
## OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| GREENWICH INSURANCE<br>COMPANY; XL SPECIALTY<br>INSURANCE COMPANY | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | No. |
| | ) | |
| vs. | ) ) | 2:06cv406-DRB |
| | ) | |
| | ) | |
| GOFF GROUP, INC. and JOHN | ) | |
| W. GOFF, REGIONS BANK | ) | |
| CORPORATION and | ) | |
| SOUTHERN BROKERAGE SERVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR PRELIMINARY INJUNCTION PURSUANT TO RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE

COME NOW, Plaintiffs Greenwich Insurance Company and XL Specialty Insurance Company (hereinafter sometimes referred to as "Greenwich and XL") and hereby move this Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for the issuance of an order enjoining Regions Bank Corporation and Southern Brokerage Services, Inc. from continuing to make lease payments to John W. Goff and further directing that Regions Bank Corporation and Southern Brokerage Services, Inc. tender all lease payments to the Clerk for the United States District Court for the Middle District of Alabama (hereinafter sometimes referred to as "United States District Court Clerk").

Greenwich and XL have filed a complaint in the above styled action to, among other things, set aside a fraudulent conveyance made by Goff Group, Inc. to John W. Goff. In the complaint Greenwich and XL have requested injunctive relief and now bring this motion on the grounds that if an order is not issued by this Court immediate and irreparable injury, loss, and damage will result to Greenwich and XL for which there is no adequate remedy at law. In further support of this motion Greenwich and XL state the following:

1.  In April of 2003, Greenwich and XL sought injunctive relief in aid of an arbitration between Greenwich, XL and Goff Group that was pending in Philadelphia, Pennsylvania (the "Arbitration"). Greenwich and XL sought that relief because it had discovered that Goff Group had been expending fiduciary funds held in trust on Greenwich and XL's behalf.

2.      Greenwich and XL's motion was granted by Order dated April 28, 2003.

3.      On March 10, 2004, an Arbitration Panel issued an award, which directed Goff Group to pay Greenwich and XL $4,332,382.00 in damages within 30 days of its issuance date, i.e., by April 9, 2004. Goff Group did not comply with the directives of the Arbitration Panel.

4.      On March 29, 2004 Greenwich and XL applied to the United States District Court for the Eastern District of Pennsylvania for confirmation of the Award. By Order entered on April 23, 2004, the United States District Court for the Eastern District of Pennsylvania granted the motion to confirm and issued an Order of Confirmation of Arbitration Award and Entry of Judgment, which was entered on April 23, 2004.

5.      On August 6, 2004, Greenwich and XL moved the United States District Court for the Eastern District of Pennsylvania for leave to register its Judgment in other districts, including the District Courts of Alabama and for an Order directing the Clerk of the United States District Court for the Eastern District of Pennsylvania to issue a Certification of Judgment enabling that registration. By Order of August 26, 2004, the United States District Court for the Eastern District of Pennsylvania granted the requested relief and thereby authorized Greenwich and XL to enforce the Judgment in districts outside Pennsylvania.

6.      The "Certification of Judgment for Registration in Another District" was issued by the Clerk for the United States District Court for the Eastern District of Pennsylvania and Defendants then had it registered with the United States District Court for the Middle District of Alabama. This registration is identified by reference number 2:04 MC 3221-A. Defendants subsequently began efforts to enforce the Judgment, including by serving discovery requests relating to the location of Goff Group's assets.

7.      On November 17, 2004 Greenwich and XL recorded its judgment in the amount of $4,332,382.00 plus interest and cost with the Office of the Judge of Probate of Montgomery County. The judgment was recorded in Book 2994 at Pages 0098 – 0100. A copy of the recorded judgment is attached hereto as Exhibit "A".

8.      On January 31, 2005 Goff Group conveyed by Warranty Deed three (3) parcels of real property to John W. Goff. A copy of the Warranty Deed containing a description of the real property conveyed is attached hereto as Exhibit "B" and is incorporated by reference as if set forth fully herein.

9.      The Warranty Deed attached hereto as Exhibit "B" was recorded in the Office of the Judge of Probate of Montgomery County, Alabama on February 16, 2005 in Book 3040 at Pages 0803.

10.     The real property conveyed to John W. Goff consists of approximately 8 acres and

is the real property upon which the office building where the Goff Group corporate offices were located. The physical address of the property is 80 Technacenter, Montgomery, Alabama.

11.    At the time of the conveyance, the above described real property was the only asset from which a creditor could satisfy its judgment.

12.    Once the real property was conveyed to John W. Goff, he entered into lease agreements with Regions Bank Corporation and Southern Brokerage Services, Inc. to lease office space in the former corporate offices of Goff Group.

13.    That Greenwich and XL have issued a Writ of Garnishment to Regions Bank Corporation in an attempt to attach monthly rental proceeds being paid by Regions Bank Corporation.

14.    Due to Goff Group, Inc.'s conveyance Greenwich and XL were unable to attach the lease proceeds as the property is now in the name of John W. Goff.

15.    Had the property not been conveyed to John W. Goff, Greenwich and XL would have been able to attach the lease proceeds through the Writ of Garnishment.

16.    The conveyance of real property to John W. Goff was a fraudulent act in which the sole intent was to thwart Greenwich and XL's enforcement of its judgment against Goff Group, Inc .

17.    That Greenwich and XL have filed the above styled action seeking to have Goff Group's fraudulent conveyance to John W. Goff set aside and until such time as the Court determines whether said conveyance was fraudulent John W. Goff should not receive the lease payments but the lease payment should instead be tendered to the United States District Court Clerk. A copy of Greenwich and XL's complaint filed in the above entitled action is attached hereto as Exhibit "C" and is incorporated by referenced as it fully set forth herein.

WHEREFORE, PREMISES CONSIDERED, Greenwich and XL request that this Court issue an order restraining Regions Bank Corporation and Southern Brokerage Services, Inc. from continuing to make lease payments to John W. Goff and further direct Regions Bank Corporation and Southern Brokerage Services, Inc. to tender all lease payments to the United States District Court Clerk. In addition Greenwich and XL requests any additional relief to which they may be entitled.

## ORAL ARGUMENT REQUESTED

Respectfully submitted,

G. Thomas Yearout (YEA001)

_Paul K. Lavelle (LAV007)_

OF COUNSEL FOR DEFENDANTS
GREENWICH INSURANCE COMPANY
AND XL SPECIALTY INSURANCE COMPANY

YEAROUT , SPINA & LAVELLE P.C.
1500 Urban Center Drive, Suite 450
Birmingham, Alabama 35242
(205) 298-1800
(205)298-1802 (facsimile)
_tyearout@ysllaw.com_
_plavelle@ysllaw.com_

## CERTIFICATE OF SERVICE

I hereby certify that on ____day of May, 2006, I electronically filed the foregoing with the United States District Court Clerk using the CM/ECF system which will send notification of such filing to the following:

Goff Group, Inc.
c/o John W. Goff,
President of Goff Group, Inc.
80 Technacenter Drive
Montgomery, Alabama 36117

John W. Goff
80 Technacenter Drive
Montgomery, Alabama 36117

Regions Bank Corporation,
c/o CSC Lawyers Incorporating Services, Inc.
As Registered Agent
150 S Perry Street
Montgomery, Alabama 36104

Southern Brokerage Services, Inc.
c/o John W. Goff
As Registered Agent
80 Technacenter Drive
Montgomery, Alabama 36117

_Of Counsel_