**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **GREENWICH INSURANCE COMPANY,** ) | |
| **XL SPECIALTY INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Civil Action No.:** |
| **v.** ) | **2:06-CV-00406-DRB** |
| ) | |
| **GOFF GROUP, INC., JOHN W. GOFF,** ) | |
| **REGIONS BANK CORPORATION AND** ) | |
| **SOUTHERN BROKERAGE SERVICES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

**<u>MOTION TO DISMISS</u>**

Regions Bank, improperly designated as Regions Bank Corporation, moves the Court to dismiss the Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the following grounds:

1.      Plaintiffs seek to set aside a conveyance of property from Goff Group, Inc. to John W. Goff on January 31, 2005.  Plaintiffs are judgment creditors of Goff Group, Inc. and allege that at the time of the conveyance, "the real property conveyed was the only property from which a creditor could satisfy its judgment." [Complaint at ¶ 18.]   Plaintiffs have pleaded six counts in the Complaint, four of which contend that John Goff and Goff Group engaged in a fraudulent conveyance of the real property and one of which contends that Goff converted lease payments with respect to the property.  [Complaint at ¶¶ 23-38, 49-54.]

2.      As for Regions Bank, the Complaint provides only that Regions is a lessee of the property that Goff Group fraudulently conveyed and that, when Plaintiffs issued a Writ of Garnishment to Regions Bank to obtain the lease payments, Regions responded that it was not indebted to Goff Group, Inc.  [Complaint at ¶¶ 19-21.]  In Count V of the Complaint, Plaintiffs

seek a preliminary injunction compelling Regions to pay all lease payments into court rather than to their lessor, John Goff. [Complaint at ¶¶ 39-48.] Plaintiffs do not allege that Regions Bank was a party to the fraudulent conveyance or that Regions has acted wrongfully or harmed them in any manner. Instead, Plaintiffs claim, "That John W. Goff wrongfully obtained lease proceeds from Regions Bank Corporation and Southern Brokerage Services, Inc. and has wrongfully appropriated these lease proceeds for his own benefit." [Complaint at ¶ 44.][1]

3.      A plaintiff's obligation in a complaint is to plead "'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *U. S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. 8(a)). Plaintiffs have not stated a claim against Regions Bank and have pleaded no set of facts on which any viable cause of action might rest. In short, Plaintiffs' dispute is with John Goff and Goff Group, Inc. They are entitled to no relief as against Regions Bank, an innocent bystander to what is ostensibly a long held battle between Plaintiffs and Goff. Accordingly, Plaintiffs' Complaint is due to be dismissed as against Regions Bank for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

4.      Additionally and alternatively, the Court lacks jurisdiction over this case with respect to Regions Bank. "The jurisdiction of the federal courts, under Article III of the U.S. Constitution, is limited to 'Cases' and 'Controversies.' At the heart of the case or controversy requirement is the presence of adverse parties." *Druhan v. American Mutual Life*, 166 f3d 1324, 1326 (11th Cir. 1999) (quoting U.S. Const. Art. III, § 2). Regions Bank takes no position as to whether the conveyance by Goff Group to John W. Goff was fraudulent. It is not adverse to

---

[1]      Nevertheless, Plaintiffs do not seek an injunction against John Goff directing him to deposit the lease proceeds he has received into the Court. They seek to compel Regions Bank to make these deposits with no regard for whether Regions Bank, an innocent third party, would be harmed thereby. Contemporaneously with this Motion to Dismiss, Regions Bank files a Response in Opposition to Plaintiffs' Motion for Preliminary Injunction.

Plaintiffs in this case.  Plaintiffs' decision to name Regions as a defendant could only be motivated by its desire to obtain money from Regions Bank that could not be obtained properly by a Writ of Garnishment.  Accordingly, Plaintiffs' Complaint is due to be dismissed as against Regions Bank for want of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

5.    Alternatively and additionally, the Complaint is due to be dismissed for Plaintiffs failure to join necessary and indispensable parties.  The Purchase Agreement that reflects the conveyance of the subject property from Goff Group to John Goff also reflects that there are eight different mortgagees with a security interest in the property.  [Purchase Agreement dated January 2005 at pg. 1; Exhibit A.]  According to the Purchase Agreement, Goff assumed the debt owed to these mortgagees.   [*Id.* at pg. 3]  Plaintiffs ask the Court to set aside this conveyance, which will directly affect the mortgagees for, among other things, the mortgaged property will be placed in the hands of an entity against whom a judgment exists in the amount of over $4 million dollars.  Moreover, Plaintiffs allege that the property is "the only property from which a creditor could satisfy its judgment."  [Complaint at ¶ 18.]   Therefore, should Goff Group be unable to meet its obligations as mortgagor, these mortgagees may have priority over Plaintiffs' judgment lien and be entitled to sell the property in foreclosure and/or to obtain the proceeds of the property, the rent payments, which are precisely what Plaintiffs seek as an award in this case.[2]

6.    "Joinder pursuant to Rule 19 involves a two-step inquiry. Subsection (a) of Rule 19 requires that 'persons whose joinder is desirable from the standpoint of complete adjudication and elimination of relitigation' be joined where feasible. Limitations on service of process,

---

[2]    The current holder of the second mortgage, Phoenix-Durango, has already initiated foreclosure proceedings on the property that is the subject of this case.  Goff Group, Inc. and John W. Goff filed a Complaint for Temporary Restraining Order and Other Relief against Phoenix-Durango alleging that the manner by which Phoenix-Durango commenced foreclosure proceedings was wrongful.  Phoenix-Durango removed the action to the US District Court for the Middle District of Alabama, Civil Action No. 2:06-cv-389-SRW.

subject matter jurisdiction, and venue, however, may bar joinder in some cases. Where joinder is not feasible, a court must proceed under subsection (b) of Rule 19 to examine the situation 'pragmatically' and to make a choice 'between the alternatives of proceeding with the action in the absence of particular interested persons, and dismissing the action.'" *Tick v. Cohen*, 787 F.2d 1490, 1493-94 (11th Cir. 1986) (internal citations omitted). Under Rule 19(a):

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

Fed. R. Civ. P. 19(a) (2006).

7.     The mortgagees have an interest in the property that is the subject of this action and disposition of this action in their absence may "as a practical matter impair or impede" the mortgagees' ability to protect their interests. Along with Plaintiffs, the mortgagees are joint obligees of Goff Group and John Goff by virtue of their respective mortgages secured by the subject property and John Goff's assumption of the mortgage debt. Joint obligees are indispensable parties to actions pertaining to the obligation. *See Brackin Tie, Lumber & Chip Co. v. McLarty Farms, Inc.*, 704 F.2d 585, 586-87 (11th Cir. 1983) (quoting with approval district court opinion that cites cases from other jurisdictions); *Law Offices of Becnel v. John Arthur Eaves Law Firm*, No. CIV. A. 01-1944, 2001 WL 1242105 at *2 (E.D. La. Oct. 16, 2001) ("Similarly, all parties to a contract and 'others having a substantial interest in it' are 'indispensable' in an action to rescind or set aside the contract: '(N)o procedural principle is more

deeply imbedded in the common law than that, in an action to set aside a lease or contract, all parties who may be affected by the determination of the action are indispensable." ' Hon. David Hittner, Federal Civil Procedure Before Trial § 7:114 (Rutter 2001), quoting *Virginia Sur. Co. v. Northrop Grumman Corp*., 144 F.3d 1243, 1248 (9th Cir.1998)).   Moreover, if John Goff defaults on the mortgage obligations, the mortgagees may seek to collect the proceeds of the mortgaged property and thereby direct Regions Bank to pay rent to them.   Yet, here, Plaintiffs seek a preliminary injunction compelling Regions to deposit the rent payments into Court, and Plaintiffs ultimately seek to obtain the rent payments as part of their award in this action.   Hence, Plaintiffs' failure to join the mortgagees subjects Regions to multiple inconsistent obligations for the payment of rent.   Under Rule 19(a), the mortgagees are proper parties to this action.

8.      The mortgagees, however, cannot be simply joined in this action because their presence would destroy the Court's subject matter jurisdiction.   The mortgagee currently holding the second mortgage, Phoenix-Durango, is a citizen of Delaware, Texas and Florida.[3]   The mortgagee holding the fourth mortgage, SouthTrust Bank, is a citizen of Delaware and Alabama. Plaintiffs are also citizens of Delaware.   Therefore, joining these mortgagees destroys complete diversity of citizenship for purposes of 28 U.S.C.A. § 1332.

9.      Because the mortgagees cannot be joined as parties in this action, the Court "must proceed under subsection (b) of Rule 19 to examine the situation 'pragmatically' and to make a choice 'between the alternatives of proceeding with the action in the absence of particular interested persons, and dismissing the action.'"   *Tick*, 787 F.2d at 1493-94.   Rule 19(b) directs courts to consider:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by

---

[3]      See footnote 2.

the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b) (2006). *See also Provident Tradesmens B & T Co. v. Patterson,* 390 U.S. 102, 109-11, 88 S. Ct. 733, 19 L.Ed. 2d 936 (1968) (clarifying factors).

      a.    With respect to the first and third factors, Regions has already shown in paragraphs 5 through 7 how proceeding in the absence of the mortgagees would be unfairly prejudicial to both Regions and to the mortgagees and how a judgment in the mortgagees' absence would be inadequate. These mortgagees may have priority of interest in the property and may be entitled to the proceeds of the property, rent payments from Regions Bank, which Plaintiffs seek to recover as an award in this action.

      b.    As for the second factor, there is no way to shape relief to lessen or avoid this prejudice. The relief Plaintiffs seek is the setting aside of the conveyance from Goff Group to John Goff, vesting title in the property, awarding Plaintiffs "an amount equal to the lease payments paid by Regions Bank ... to John W. Goff" and any other relief to which Plaintiffs may be entitled. [Complaint, Ad Damnum Clause, ¶¶ A through F.] Without jurisdiction over the mortgagees with respect to the property, the Court cannot determine or protect their rights to object to the re-assumption of the mortgage obligations by Goff Group, an entity against which there is a judgment in excess of $4 million, or their right to require Regions Bank to send rent payments to them.

      c.    Finally, Plaintiffs have an adequate remedy even if this case is dismissed. Plaintiffs may file suit in an Alabama court naming the mortgagees, all of which, upon information and belief, are either residents of Alabama or do substantial business in the State of Alabama. The state court can determine with all interested parties before it

6

whether the conveyance from Goff Group to John Goff should be set aside and to whom rent payments should be tendered. An Alabama state court would be a superior forum for this action since Alabama property law applies to the fraudulent conveyance issues presented. *See Tick*, 787 F.2d at 1495 (reversing district court's denial of motion to dismiss on joinder grounds and finding particularly persuasive the fact that the plaintiffs have a state court remedy, especially since the issues involved questions of state law); *Doty v. St. Mary Parish Land Co*., 598 F.2d 885, 888 (5th Cir. 1979) (affirming dismissal for failure to join mineral lessee and royalty owners and finding availability of remedy in state court a "compelling" reason to affirm dismissal, especially where legal issues pertained to real property).

10.    Because the mortgagees are indispensable parties to this action and because their presence destroys the Court's subject matter jurisdiction, this case is due to be dismissed pursuant to Rule 12(b)(7) for Plaintiffs' failure to join. *See Expeditors International of Washington, Inc. v. Expeditors (Japan), Ltd.,* 224 F.R.D. 661, 664-668 (W.D. Wash. 2004) (dismissing action because plaintiff's subsidiary whose presence would destroy diversity was indispensable in action for breach of contract to pay management fee to plaintiff's subsidiary); *Law Offices of Becnel v. John Arthur Eaves Law Firm*, No. CIV. A. 01-1944, 2001 WL 1242105 at *2 (E.D. La. Oct. 16, 2001) (dismissing action because law firm partner, whose presence would destroy diversity, was indispensable party in action to set aside referral agreement between two law firms).

For the foregoing reasons, Regions Bank moves the Court to dismiss this case or alternatively to dismiss Regions Bank from this case with prejudice.

Respectfully submitted this 5th day of June, 2006.


/s/ Elizabeth R. Floyd
Carey B. McRae
ASB-7328-R59C
carey.mcrae@arlaw.com
Elizabeth R. Floyd
ASB-5726-B55F
elizabeth.floyd@arlaw.com
Attorneys for Regions Bank

Of Counsel:
ADAMS AND REESE LLP
2100 3rd Avenue North, Suite 1100
Birmingham, Alabama  35203
(ph) 205/250-5000
(fax) 205/250-5034

8

## Certificate of Service

I hereby certify that on June 5, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Paul K. Lavelle
G. Thomas Yearout
Counsel for Plaintiffs
YEAROUT, SPINA & LAVELLE, P.C.
1500 Urban Center Drive, Suite 450
Birmingham, Alabama 35242
tyearout@ysllaw.com
plavelle@ysllaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following:

Goff Group, Inc.
c/o John W. Goff
President, Goff Group, Inc.
80 Technacenter Drive
Montgomery, Alabama 36117

John W. Goff
80 Technacenter Drive
Montgomery, Alabama 36117

Southern Brokerage Services, Inc.
c/o John W. Goff, its Registered Agent
80 Technacenter Drive
Montgomery, Alabama 36117

/s/ Elizabeth R. Floyd
Of Counsel