IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREENWICH INSURANCE COMPANY, ) | |
| XL SPECIALTY INSURANCE COMPANY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No.: |
| v. ) | 2:06-CV-00406-DRB |
| ) | |
| GOFF GROUP, INC., JOHN W. GOFF, ) | |
| REGIONS BANK CORPORATION AND ) | |
| SOUTHERN BROKERAGE SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION**

Defendant Regions Bank, improperly designated as Regions Bank Corporation, responds in opposition to the "Motion for Preliminary Injunction Pursuant to Rule 65 of the Federal Rules of Civil Procedure" filed simultaneously with the Complaint on the following grounds:

1. Plaintiffs have asserted no claims against Regions Bank and do not seek to recover any damages from Regions Bank. Instead, Plaintiffs seek what is in essence a reverse interpleader. They are not stakeholders. Yet, by way of preliminary injunction, Plaintiffs ask this Court to force Regions to pay into court rent monies allegedly owed to Defendant, John Goff. Plaintiffs' Motion for Preliminary Injunction is due to be denied because there is no likelihood of success on the merits of their claims and because the harm caused by the injunction to Regions Bank, an innocent third party, far outweighs any remote protection provided to Plaintiffs, who are judgment creditors of Goff Group, Inc.

2. A preliminary injunction "is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion." *Canal Authority of*

*the State of Florida v. Callaway*, 489 F.2d 567, 573 (11th Cir. 1974). The movant's burden is to show:

> (1) a substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the party or parties opposed; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.

*State of Texas v. Seatrain International, S. A.*, 518 F.2d 175, 179 (11th Cir. 1975). "[G]ranting a preliminary injunction is the exception rather than the rule." *Seatrain*, 518 F.2d at 179.

3. The requested preliminary injunction will cause harm to Regions that far outweighs any possible protection it might offer Plaintiffs because forcing Regions to interplead the rent payments unduly burdens the Bank's rights as a tenant to recover by abatement the loss it has sustained by its landlord. All or part of the rent payments that Plaintiffs would have Regions interplead are not properly due to John Goff because he has failed as landlord to maintain the premises in a tentantable condition and in accordance with Lease terms.

   a. Regions Bank operates its business on property that is the subject of this case as a lessee of John W. Goff. Pursuant to the Lease, Regions Bank is obligated to make monthly rent payments to Goff. Also, pursuant to paragraphs 6 and 12 of the Lease, Goff is obligated "to perform all necessary repairs and maintenance" to the leased premises. Regions Bank's obligation to pay rent is conditioned on Goff's performance of repair and maintenance. [Lease at pgs. 3-4, 7; Exhibit A.]

   b. Despite repeated notice to John Goff of numerous substantial defects in the leased premises, Goff has failed or refused to perform necessary repairs and

2

maintenance in breach of his obligation as landlord under the Lease. These defects include but are not limited to:

    i)    Two areas of the roof leak during rain;

    ii)    Faulty plumbing of the sewage system resulted in the toilets overflowing and spilling human waste onto the bathroom floor and onto the carpeted area outside the bathroom of the leased premises. The odor and stains from this incident are repugnant. Regions had the carpet cleaned and deodorized at its own expense and has not been reimbursed;

    iii)    Inadequate janitorial and/or cleaning services;

    iv)    Water coolers are out of service;

    v)    HVAC system does not properly cool the workspace;

    vi)    Ice maker does not operate;

    vii)    Flaws in paint on interior walls have not been corrected.

    c.    Under Alabama law, Regions Bank is entitled to abatement or set-off of the rent payments because of Goff's failure to perform necessary repairs and maintenance of the leased premises. See Wise v. Sparks, 73 So. 394, 394 (Ala. 1916). As a result, all or part of the funds that Plaintiffs seek to force Regions to interplead are not due to John W. Goff nor are they due to any other party or non-party in this action. Forcing Regions to interplead the rent payments harms Regions Bank by destroying its rights as a tenant to recover by abatement the loss it has sustained by its landlord.

4.    Putting aside the disparate harm to Regions Bank, an innocent party to the dispute between Plaintiffs and Goff, Plaintiffs cannot show that their claims have a substantial likelihood of success. First, Plaintiffs have no claim against Regions Bank, and injunctive relief presumes

3

that, at a minimum, a claim of some wrongful conduct exists with respect to the party against whom the injunction is sought. Indeed, the movant must demonstrate the merits of his claim.

5.      Second, Plaintiffs cannot show the merits of their claim against Goff Group or John W. Goff. There are approximately eight different mortgagees with an interest in the leased premises. The value of these interests is believed to be in excess of $2 million. [Purchase Agreement dated January 2005 at pg. 1; Exhibit B.] These mortgagees may be entitled under Alabama law to the proceeds from the lease of premises. The mortgagees' interests being presumably secured, Plaintiffs' interest as judgment creditor would be inferior. Plaintiffs have failed to join these secured creditors as parties to this action, and their recovery of any amounts pursuant to their judgment lien is far from clear.

6.      Plaintiffs have failed to meet their burden for obtaining a preliminary injunction in that, among other things, they have failed to show a likelihood of success on the merits of their claims and have failed to show that the threatened injury to Plaintiffs outweighs the injury caused to Regions Bank. See Lucero v. Trosch, 121 F.3d 591, 599 (11th Cir. 1997).

For the foregoing reasons, Plaintiffs' Motion for Preliminary Injunction is due to be denied.

Respectfully submitted this 5th day of June, 2006.

/s/ Elizabeth R. Floyd
Carey B. McRae
ASB-7328-R59C
carey.mcrae@arlaw.com
Elizabeth R. Floyd
ASB-5726-B55F
elizabeth.floyd@arlaw.com
Attorneys for Regions Bank

4

<u>Of Counsel:</u>
ADAMS AND REESE LLP
2100 3rd Avenue North, Suite 1100
Birmingham, Alabama  35203
(ph) 205/250-5000
(fax) 205/250-5034

**Certificate of Service**

I hereby certify that on June 5, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Paul K. Lavelle
G. Thomas Yearout
Counsel for Plaintiffs
YEAROUT, SPINA & LAVELLE, P.C.
1500 Urban Center Drive, Suite 450
Birmingham, Alabama 35242
tyearout@ysllaw.com
plavelle@ysllaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following:

Goff Group, Inc.
c/o John W. Goff
President, Goff Group, Inc.
80 Technacenter Drive
Montgomery, Alabama 36117

John W. Goff
80 Technacenter Drive
Montgomery, Alabama 36117

Southern Brokerage Services, Inc.
c/o John W. Goff, its Registered Agent
80 Technacenter Drive
Montgomery, Alabama 36117

/s/ Elizabeth R. Floyd
Of Counsel

5