UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREENWICH INSURANCE COMPANY; ) | |
| XL SPECIALTY INSURANCE COMPANY, ) | |
| ) | |
| Plaintiffs, ) | Case No.: 2:06cv406-DRB |
| ) | |
| v. ) | |
| ) | |
| GOFF GROUP, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MOTION TO DISMISS**

COMES NOW, the Defendant, Southern Brokerage Services, Inc., moving this Honorable Court to dismiss the Complaint against it pursuant to the Federal Rules of Civil Procedure, Rule 12(b), stating as follows:

1.  The Plaintiffs' Complaint seem to seek to set aside the conveyance of property known as 80 TechnaCenter Drive, Montgomery, Alabama (hereinafter referred to as "TechnaCenter"). Allegedly, this property was once owned by Goff Group, Inc. The Plaintiffs claim to have a judgment against Goff Group, Inc. in the United States District Court, Eastern District of Pennsylvania. They further claim to have domesticated this judgement such that they are now allowed to pursue collection of the judgment in the United States District Court, Middle District of Alabama. (See Complaint, Ct. Doc. #1, ¶¶ 11-14).[1]

2.  Each of the various counts of their Complaint are for allegations of fraudulent conveyances

---

[1] For unknown reasons, the Plaintiffs bring a tort action rather than enforcement of a judgment pursuant to Fed. R. Civ. P., Rule 69, which allows the use of Alabama law in the aid of execution of judgments. Also, the Complaint fails to note whether the subject property is mortgaged. However, such is most likely the case and a matter of public record. It seems remarkable that such a fraudulent transfer could or would occur under the watchful eye of public record and yet be done with the intent to deceive.

allegedly committed by the Goff Group, Inc. or John Goff or some combination thereof. However, there are no allegations directed toward Southern Brokerage Services, Inc. The Complaint simply concludes that Southern Brokerage Services, Inc. is a tenant of the TechnaCenter. The Complaint assumes that, as a tenant, Southern Brokerage Services, Inc. is paying rent directly to John W. Goff. (Complaint, ¶44). The Complaint further assumes that John W. Goff has "wrongfully appropriated these lease proceeds for his own benefits". (*Id.*)

3.      Employing a rather unique technique, the Complaint seeks an injunction against Southern Brokerage Services, Inc. The injunction is for the purpose of having Southern Brokerage Services, Inc. make payment of the alleged rent payments directly to the Court. In its Complaint, the Plaintiff seeks no other or further action against this Defendant. The Complaint makes no allegation that Southern Brokerage Services, Inc. participated in any way with the alleged fraudulent conveyance.

4.      The Complaint, as to Southern Brokerage Services, Inc., is due to be dismissed for failure to state a claim and for want of jurisdiction pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

5.      Further, it is believed that the TechnaCenter is and has been heavily mortgaged by third-party lenders. The Plaintiffs' Complaint seeks an injunction directing the payment of rents from tenants of the TechnaCenter under the broad assumption that John W. Goff is somehow misappropriating the rent payments. However, the Complaint fails to account for the secured mortgage holders. These mortgage holders presumably receive payments for the mortgages and presumably will continue to want to receive payments for their mortgages. Redirecting the payment of rents will possibly deny mortgage payments to mortgage holders. Such a situation may necessitate default and foreclosure wherein the lien holders may become the landlord(s).

6.      This given Southern Brokerage Services, Inc. adopts Region Bank's argument that the

mortgage holders are necessary and indispensable parties. As such, pursuant to Fed. R. Civ. P., Rule 19, the Complaint should be dismissed for Plaintiffs' failure to join.

For the foregoing reasons, Southern Brokerage Services, Inc. moves to dismiss this case as to the claims against it with prejudice.

Respectfully submitted this the __16th__ day of June, 2006.

> s/ ANDY NELMS
> Andy Nelms
> Law Offices of Jay Lewis, LLC
> P.O. Box 5059
> Montgomery, AL 36103
> (334) 263-7733 (Voice)
> (334) 832-4390 (Fax)
> andynelms@jaylewislaw.com
> ASB-6972-E63K
> Counsel for Southern Brokerage Services, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the _16th_ day of June, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

Paul Lavelle
Tommy Yearout
Elizabeth R. Floyd
Carey B. McRae

> s/ANDY NELMS
> Andy Nelms
> Law Offices of Jay Lewis, L.L.C.
> P.O. Box 5059
> Montgomery, Alabama 36103
> (334) 263-7733 (Voice)
> (334) 832-4390 (Fax)
> andynelms@jaylewislaw.com
> ASB-6972-E63K
> Counsel for Plaintiff