UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **GREENWICH INSURANCE COMPANY; XL SPECIALTY INSURANCE COMPANY**<br>　　Plaintiff,<br><br>vs.<br><br>**GOFF GROUP, INC.; JOHN W. GOFF; REGIONS BANK; SOUTHERN BROKERAGE SERVICES, INC.**<br>　　Defendants. | Case No. 2:06cv406-MHT |

<u>**PLAINTIFFS' OBJECTION TO THE MOTION TO DISMISS FILED BY DEFENDANTS REGIONS BANK; SOUTHERN BROKERAGE SERVICES, INC. AND JOHN W. GOFF;**</u>

COME NOW the defendants, Greenwich Insurance Company and XL Specialty Insurance Company (together, "XL") and file this their objection to Defendants' Regions Bank's, Southern Brokerage Services, Inc.'s and John W. Goff's (hereinafter sometimes referred to as "defendants") Motions to Dismiss and say as follows:

I.　**<u>Failure to State a Cause of Action</u>**

In their motion to dismiss, defendants maintain that XL's complaint should be dismissed as a result of XL's failure to state a claim upon which relief can be granted. The standard for consideration of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is:

> [A] complaint is not subject to dismissal (for failure to state a claim) unless it appears to a certainty that the *plaintiff cannot possibly be entitled to relief under any set of facts which could be proven in*

*support of its allegations.* Even then, a court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted. (Emphasis in original) *Stefanski v. Mainway Budget Plan, Inc.,* 456 F.2d 211, 212 (5th Cir. 1972), Citing *Byrd v. Bates,* 220 F.2d 480, 482 (5th Cir. 1955)

The facts alleged in XL's complaint state that a conveyance of real property by Goff Group, Inc. to John Goff was carried out with the sole intent and purpose of defrauding Goff Group, Inc.'s creditors. (Prior to the conveyance XL recorded a judgment it obtained against Goff Group, Inc. in the amount of $4,332,382.00 and at the time of the conveyance John Goff was the sole officer and shareholder of Goff Group, Inc.) The complaint also states real property made the subject of the conveyance is the location of Goff Group, Inc. headquarters. Once the real property was conveyed, John Goff entered into a lease agreement with Regions to lease space in the building located on the real property. XL asserts as a result of the lease agreement John Goff has received regular monthly lease payments from Regions and he has wrongfully appropriated these lease proceeds for his own benefit.

XL claims Goff Group, Inc.'s fraudulent conveyance should be set aside, the real property conveyed back to Goff Group, Inc. and the lease agreement reformed to include Goff Group, Inc. as the true and correct owner of said real property. Until such time as the above action is fully adjudicated, XL claims injunctive relief is necessary to stop John Goff from receiving future lease proceeds and all future lease payments should be paid by Regions to the Clerk of the United States District Court for the Middle District of Alabama, Northern Division until such time as the Court determines who is entitled to said lease payments.

Based upon the above and foregoing defendants' Motions to Dismiss should be denied.

## II.   No Jurisdiction Based Upon Lack Of Controversy Between Parties

Regions Bank (this argument was not raised by Southern Brokerage Services, Inc. and John W. Goff) argues it takes no position on whether the conveyance between Goff Group, Inc to John Goff was fraudulent, thus it is not an adverse party to XL. Regions then asserts because it is not adverse to XL there is no controversy from which jurisdiction can attach.

The case or controversy between Regions and XL is clear. XL maintains that in an attempt to defraud its creditors Goff Group, Inc. wrongfully conveyed the real property located at 80 Technacenter Drive, Montgomery, Alabama to John Goff. At the time, John Goff was the sole officer and shareholder of Goff Group, Inc. Thereafter, John Goff entered into a lease agreement with Regions to lease office space in the office building located at 80 Technacenter Drive. Regions' interest is impacted by the outcome of this action. If the alleged fraudulent conveyance is set aside, Regions' lease with John Goff becomes null and void and Regions no longer has a leasehold interest in the property in question. Furthermore, future lease payments, in the event Regions is allowed to remain as a holdover tenant, would be paid to the Chapter 7 Trustee in care of the Bankruptcy estate of Goff Group, Inc. (Goff Group, Inc. filed a Chapter 7 bankruptcy case on June 9, 2006 in the United States Bankruptcy Court for the Middle District of Alabama.)

Further evidence of the case and controversy that exists between XL and Regions is set forth in Regions' Response to XL's Motion for Preliminary Injunction in which Regions argues that lease payments should not be paid into Court because Regions has a claim for a setoff of rent payments due to maintenance problems with their leased space.

This Court has jurisdiction over Regions as the case or controversy between Regions and XL is clear.

### III.   Failure to Join Necessary and Indispensable parties

Additionally Regions and Southern Brokerage Services, Inc. argue that XL's complaint should be dismissed as a result of XL's failure to join necessary and indispensable parties. Regions' argument is based upon its theory that complete relief cannot be accorded among those already parties to the action due to the absence of parties which hold mortgages on the real property in question.

Rule 19(a) of the Federal Rules of Civil Procedure addresses joinder of persons needed for adjudication. XL maintains that upon application of this Rule Regions and Southern are clearly necessary and indispensable parties and the mortgage holders are not. Rule 19 sets forth a two prong test to determine whether a party is indispensable to an action. The first prong determines if a party is necessary to the action. If a party falls within one of the three (3) categories described in Rule 19(a) then that party is determined to be necessary. If a party is found to be a necessary party and the addition of that party would destroy the jurisdictional basis for the action the second prong of the test is used to determine whether the party is indispensable to the action.

Regions makes the argument that mortgage holders are necessary and indispensable parties whose inclusion in the suit will destroy diversity jurisdiction thus requiring dismissal of the case. Regions' argument is flawed as the mortgage holders are not even necessary parties to this action.

Rule 19(a) of the Federal Rules of Civil Procedure states: "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties or (2) the person claims an interest relating

to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been joined, the court shall order that the person be made a party."

In the present case, despite the absence of the mortgage holders, complete relief can be accorded among the parties. The mortgage holders interest in the real property existed prior to Goff Group Inc.'s conveyance to John Goff. The mortgage holders in question hold mortgages recorded prior to the conveyance and as such were not affected by the conveyance.

The disposition of this action will not in any way impair or impede the mortgage holders' ability to protect their interest. If the mortgage holders believe their interest to be impaired the mortgage holder can always enforce the power of sale provisions contained in their mortgages.

The absence of the mortgage holders does not leave any of the parties to this action subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Regions and Southern claim that if the case is not dismissed they may be subject to double, multiple, or otherwise inconsistent obligations because they may be called upon to make lease payments to multiple parties. The conveyance between Goff Group, Inc. and John Goff was fraudulent. The conveyance has allowed John Goff to receive regular monthly lease payments from Regions and Southern. XL maintains that John Goff has wrongfully appropriated these lease proceeds for his own benefit. Regions and Southern make the faulty assumption that John Goff is and will continue to use the lease payments to satisfy the monthly mortgage payments. Based upon the fraudulent nature of the conveyance for which the

lease arose, Regions and Southern may be called upon to make lease payments to multiple parties whether this case proceeds or not.

Regions and Southern should be interested in the furtherance of this action in order to insure that the lease payments are made to the true and correct owner of the property. Their leasehold interests are greatly impacted by the outcome of this case and without inclusion in this suit their interests will be impaired or impeded. Regions and Southern are necessary and indispensable parties to this action, in their absence relief cannot be accorded to any of the parties.

XL is merely seeking to place the parties in the positions they held prior to the conveyance. The conveyance did not include the mortgage holders and the mortgage holders are not necessary parties to have the conveyance set aside.

WHEREFORE, PREMISES CONSIDERED, XL request that Regions Motion to Dismiss be denied and that this Court award such other relief as XL maybe entitled.

          Respectfully submitted,

_____
G. Thomas Yearout (YEARG3886)

_____
Paul K. Lavelle (LAV0877)

OF COUNSEL FOR DEFENDANTS

GREENWICH INSURANCE COMPANY
AND XL SPECIALTY INSURANCE COMPANY
YEAROUT, SPINA & LAVELLE P.C.
1500 Urban Center Drive, Suite 450
Birmingham, Alabama 35242
(205) 298-1800
(205)298-1802 (facsimile)
tyearout@ysllaw.com
plavelle@ysllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on 30th day of August, 2006, I electronically filed the foregoing with the United States District Court Clerk using the CM/ECF system which will send notification of such filing to the following:

Elizabeth Redding Floyd
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
420 North 20th Street
Suite 1600
Birmingham, AL  35203

Joseph Doyle Horn
Adams and Reese, LLP
2100 3rd Avenue North
Suite 1100
Birmingham, AL  35203

Carey Bennett McRae
Adams and Reese, LLP
2100 3rd Avenue North
Suite 1100
Birmingham, AL  35203

Keith Anderson Nelms
Law Office of Jay Lewis
P. O. Box 5059
Montgomery, AL  36103-5059

John W. Goff
80 Technacenter Drive
Montgomery, Alabama 36117

/s/ [signature]
Of Counsel

7